**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Paul Gilardi, | No. CV-17-00609-TUC-RM (BPV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Andrew Paul Gilardi's *Pro Se* Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). (Doc. 1). Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus (Doc. 7), and Petitioner filed a Reply (Doc. 11). This matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation pursuant to Rules 71.2 and 72.2 of the Local Rules of Civil Procedure. (Doc. 2). For the reasons stated herein, the Magistrate Judge recommends that the District Court: (1) find that Petitioner's claims pertaining to his original sentence are untimely; (2) find that Petitioner's probation revocation claims are non-meritorious; and (3) deny the §2254 Habeas Petition.

## I.  FACTUAL AND PROCEDURAL HISTORY

On June 13, 2010, Amber Duke ("Ms. Duke") ended her eight-year relationship

with Andrew Paul Gilardi. (Exh. B, Doc. 7-1 at 12).[1] Ms. Duke filed for an Order of Protection on July 27, 2010, and Petitioner received service on August 11, 2010. *Id.* After the Order of Protection expired, Ms. Duke filed for another Order of Protection, which was served on September 30, 2011. *Id.*

Petitioner violated the Order of Protection and continued to contact Ms. Duke and her family members between June 14, 2010 and October 20, 2011. *Id.* For instance, he contacted Ms. Duke's friends and family electronically, and posted a photo-shopped picture online of someone slitting Ms. Duke's throat and another of Ms. Duke lying headless without arms. *Id.* In addition to these online posts, Petitioner also posted music videos relating to murdering loved ones on Facebook and accessed Ms. Duke's email without permission. *Id.*

Petitioner attempted to make physical contact with Ms. Duke on multiple occasions as well. He appeared at the home of one of her friends and also followed Ms. Duke home from work. *Id.* Due to the repeated violations, on October 20, 2011 an arrest warrant was issued for the Petitioner. *Id.*

### a. Plea Agreement and Sentencing

Petitioner was charged with nineteen counts, which included seventeen counts based on his contact with Ms. Duke and her parents, and two counts of interference with judicial proceedings. (Exh. D, Doc. 7-1 at 41). Pursuant to a plea agreement, Petitioner pled guilty to one count of stalking, a class three felony; and one count of harassment, a class one misdemeanor. (Exh. A, Doc. 7-1 at 3).

On April 19, 2012, Petitioner was given five years of probation on each count, to run concurrently. (Exh. A, Doc. 7-1 at 3). As part of his probation, Petitioner was also required to serve nine months of incarceration in the Pima County Jail. *Id.* Petitioner did not directly appeal, or file a notice for post-conviction relief within 90 days of this sentence.

On October 13, 2014, after Petitioner admitted to violating some of the terms of

---

[1] Factual findings by the state court are given the presumption of being correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. §2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007); *cf. Rose v. Ludy*, 455 U.S. 509, 519 (1982).

his probation, the state court revoked Petitioner's probation and sentenced him to what the court referred to as an "aggravated term" of seven years, with two hundred ninety-five (295) days credit for time served. (Doc. 11 at 18). *Id.* The state court found that "the affect the crime had upon the victim and the continuing threat to anyone the defendant is in a relationship with" were aggravating circumstances. *Id.*

### *b. PCR Petition*

Petitioner filed a Notice of Post-Conviction Relief on October 28, 2014. (Exh. A, Doc. 7-1 at 3). Petitioner was appointed counsel. *Id.* On March 15, 2015, counsel filed a Notice of Review, finding no colorable claims and asking that Petitioner be permitted to proceed *pro se*. *Id.* The state court ordered Petitioner to file his *Pro Se* Petition for Post-Conviction Relief ("PCR Petition") no later than December 31, 2016. *Id.* Petitioner claims that he mailed his PCR Petition on December 28, 2016 (Exh. D, Doc. 7-1 at 28), however, the Clerk of Court filed it on January 9, 2017. (Doc. 1-1 at 11-12; Exh. A, Doc. 7-1 at 3). The PCR Petition alleged the following:

1) The Arizona statutes under which Petitioner pled guilty and was convicted in his original sentence were unconstitutional;
2) The sentence imposed at the original 2012 sentencing and the 2014 disposition were not authorized by law, and the Court did not notify Petitioner of its intent to impose an aggravated term at the time of the 2014 disposition hearing; and
3) Ineffective assistance of counsel, both at the time of 2012 sentencing and at the time of the 2014 probation revocation hearing.

(Exh. A. Doc. 7-1 at 3-4).

The state court found that the PCR Petition was not timely filed and dismissed it on March 13, 2017, adding that even if it had been filed on time, the state court would have dismissed the PCR Petition because it attempted to raise claims that were waived by the acceptance of a plea agreement or barred. *Id.* at 4.

On October 2, 2014, Petitioner petitioned for review to the Arizona Court of Appeals. (Exh. D, Doc. 7-1 at 21-38). While the petition for review was pending, on November 30, 2017, Petitioner filed the instant §2254 Habeas Petition ("§ 2254 Petition"). (Doc. 1).

On February 2, 2018, the appellate court denied relief. *State v. Gilardi*, 2018 WL 776018 *1 (Ariz. App. Feb. 8, 2018). First, it found that to the extent that Petitioner's PCR Petition challenged his original sentence, it was untimely because he failed "to seek post-conviction relief within ninety days of his sentence." *Id.* at ¶ 6. In addition, the only arguable exception to this deadline was raised in Petitioner's reply, and under state law the trial court was within its discretion to choose not to address it. *Id.* As to his probation revocation claims, the appellate court agreed with Petitioner that his date of filing the PCR Petition was the date in which he delivered it to prison authorities on December 28, 2016. *Id.* at ¶ 5. However, the appellate court declined to address this issue because regardless of untimeliness, Petitioner lacked any colorable claim for post-conviction relief. *Id*.

### c. Instant § 2254 Habeas Petition

Petitioner's §2254 Petition raises seven grounds for relief:[2]

- GROUND 1 – Challenging the constitutionality of the statue under which he was originally sentenced. (Doc. 1-1 at 13- 14).
- GROUND 2 – Arguing that his right to appeal was not waived when he pled guilty during his original sentence. (Doc. 1-1 at 12).
- GROUND 3 – Stating the state court lacked jurisdiction to sentence him in his original sentence. (Doc. 1-1 at 13).
- GROUND 4 – Claiming trial counsel rendered ineffective assistance for failing to conduct a mental health evaluation during his original sentencing proceedings. (Doc. 1-1 at 14, 19).
- GROUND 5 – Contending that his original nine-month jail sentence was a concurrent sentence for both offenses, and constituted double jeopardy. (Doc. 1-1 at 17).
- GROUND 6 – Arguing the trial court abused its discretion during his probation revocation because the court used aggravating factors not present at the time of his original sentencing to revoke probation. (Doc. 1-1 at 18).
- GROUND 7 – Claiming ineffective assistance of counsel during Petitioner's probation revocation hearing because counsel failed to notify Petitioner of the state court's intent to aggravate his sentence and for not introducing mental health

---

[2] Although Petitioner's habeas lists three grounds for relief, the claims include challenges to both his original sentencing and probation revocation. For clarity, the Court divides his claims into seven grounds. Courts may construct petitions in a manner that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 382-83 (2003).

- 4 -

issues as mitigating factors. (Doc. 1-1 at 19).

Respondents argue that Arizona law requires that a petitioner file a Notice of Post-Conviction Relief pursuant to Arizona Rule of Criminal Procedure 32.4(a) within 90 days of his original sentence – in this case by July 19, 2012. (Doc. 7 at 5). Because Petitioner did not file a Notice of Post-Conviction relief within the 90 days after his sentencing, the state court properly dismissed Petitioner's PCR Petition as untimely, and this state procedural rule precludes relief in habeas. *Id.* at 6.

Furthermore, Respondents contend that Petitioner's § 2254 Petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation for filing a habeas petition. 28 U.S.C. § 2244(d)(1). The clock began to run the day after Petitioner's original sentence became final on July 19, 2012. (Doc. 7 at 6). Accordingly, the Petitioner's federal habeas petition was due one year from when the Petitioner's sentence and convictions became final – on July 20, 2013. *Id.* Since he did not file his § 2254 Petition until several years after this date, it is time-barred. *Id.* In addition, Respondents argue that Petitioner is not entitled to equitable tolling because his claims of ignorance of the law do not afford tolling. (Doc. 7 at 8).

## II. STANDARD OF REVIEW

A writ of habeas corpus under § 2254 may be evaluated by a federal court only when a petitioner alleges "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, a §2254 habeas petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster,* 563 U.S. 170, 181 (2011).

When evaluating a federal habeas petition, the federal courts "owe a 'double dose of deference' to the state court's judgment." *Long v. Johnson,* 736 F.3d 891, 896 (9th Cir.

2013) (quoting *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011)). A state court's decision is unreasonable if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). An unreasonable determination must be more than simply incorrect; it must be "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)).

### a. Exhaustion of State Remedies

For the District Court to review a writ of habeas corpus, a petitioner must show he has exhausted his state remedies by fairly presenting the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991). To fairly present a claim, petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (quoting *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986). The requirement to exhaust state remedies makes certain that the state courts are given an opportunity to address constitutional violations without the federal court's intrusion. *Rose*, 455 U.S. at 515. Failure to exhaust may lead to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Arizona, "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles,* 483 F.Supp.2d 925, 933 (D. Ariz. 2007). However, even if a petitioner's claims are not exhausted, the District Court may deny a claim on the merits. 28 U.S.C. § 2254(b)(2).

### b. Procedural Default

In addition to exhaustion, a procedural default also precludes review in habeas. Unlike exhaustion, wherein a federal claim has never been presented in the state court, a procedural default occurs when "a state court has been presented with a federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court

would hold the claim procedurally barred. . . . Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may cause a procedural default." *Casset v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal quotations and citations omitted).

If there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman*, 501 U.S. at 729. This is because the District Court has "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and therefore would be advisory." *Coleman*, 501 U.S. at 729. Furthermore, it is well established that Arizona's preclusion rule is independent of federal law, *see Stewart v. Smith*, 536 U.S. 856, 860 (2002), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal review of a claim. *See Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 710 (2014) (Arizona's waiver rules are independent and adequate bases for denying relief); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (*overruled on other grounds*) (Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (Arizona regularly applies procedural default rules); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996) (same). The District Court is precluded from reviewing a federal habeas petition "if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris*, 489 U.S. at 262

Despite being procedurally defaulted, a District Court may review a habeas petition if petitioner can show cause for the default and prejudice, or demonstrate that failing to consider the claim would cause a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393 (2004). "Cause" is a legitimate excuse that ordinarily relies on circumstances objectively unrelated to petitioner. *Murray v. Carrier*, 477 U.S. 478,

488 (1986). This includes "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Id.* (internal citations and quotations omitted). To show a "fundamental miscarriage of justice" occurred, a petitioner must demonstrate that the unconstitutional proceedings "probably resulted in a conviction of one who was actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Dretke,* 541 U.S. at 393.

## III. TIMELINESS

### a. Timeliness Under AEDPA

As a threshold matter, the Court must determine whether Petitioner's § 2254 Petition is timely filed. Petitioner's habeas corpus petition was filed in 2017, therefore it is governed by the AEDPA. 28 U.S.C. § 2254(d). A petitioner must file a §2254 habeas petition within one year.

> [The one year statute of limitation] period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> . . .
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

### b. Equitable Tolling

The time for filing a habeas petition is tolled if a petitioner demonstrates "(1) the petitioner pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014), *cert. denied sub nom.*, *Yow Ming Yeh v. Biter*, 135 S. Ct. 486 (2014). "This is a very high bar, and is reserved for rare cases." *Id*. When the time for filing is equitably tolled, the one-year statute of limitations does not commence on the date of actual discovery, but on the date the factual basis for the claim "could have been discovered through the exercise of due

diligence." 28 U.S.C. § 2244(d)(1)(D). Due diligence is an objective standard, however, petitioner's individual circumstances should be evaluated when considering whether the petitioner acted diligently. *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The date of accrual may only be prolonged "'if vital facts could not have been known' by the date the appellate process ended." *Id.* (quoting *Schlueter v. Varner,* 384 F.3d 69, 74 (3rd Cir. 2004). "[I]gnorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling." *Chen v. Davey*, 2016 WL 4269495, at *2 (*citing Raspberry v. Garcia*, 448 F.3d at 1154 (9th Cir. 2006).

Like a state procedural bar, an untimely habeas petition may also be considered by the District Court if failing to do so would be a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). This may occur when "it is more likely than not that 'no reasonable juror' would have convicted [the petitioner]." *Id.*

## IV. DISCUSSION

There are two separate judgments in the present case: (1) the 2012 conviction and sentence ("original sentence"); and (2) the 2014 probation revocation. "Where a habeas petition challenges both [a petitioner's] original conviction and a probation revocation, it is appropriate to separate the claims relating to the original conviction from the claims relating to the probation revocation." *King v. Ryan*, No. CV-15-0265-PHX-NVW (ESW), 2016 WL 536654, at *4 (D. Ariz. Jan. 19, 2016) (citing *Williams v. Smith*, No. CV-11-578-HEH, 2012 WL 3985609, at *2 (E.D. Va. Sept. 11, 2012)).

Furthermore, the statutory timeline for "any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final." *King*, 2016 WL 536654, at *4 (citing *Davis v. Purkett*, 296 F.Supp.2d 1027, 1029-30 (E.D. Mo. 2003))*; see also Williams v. Vasbinder*, No. CV-05-73471-DT, 2006 WL 2123908, at *2 (E.D. Mich. 2006) (addressing original judgments and revocation of probation as separate judgments with separate expiration dates for purposes of determining a statute of limitations). Here, Petitioner's habeas petition challenges both judgments, and as a result there are two separate statute of limitations timelines: (1) for

the claims that pertain to the original sentence; and (2) for the claims that pertain to the probation revocation.

### a. Habeas Claims Challenging Petitioner's Original Sentence are Time-Barred under the AEDPA

Petitioner argues he is entitled to relief because the deadline for filing his federal habeas petition should be calculated starting from when his probation revocation became final rather than when his original sentence became final. (Doc. 11 at 12). Petitioner believes that he had ninety days from his probation revocation to file a Notice of Post-Conviction Relief. *Id.* Therefore, Petitioner argues that his habeas petition was filed within one year and is timely. The Petitioner's calculations are as follows:

Post-Conviction Relief

- October 13, 2014 - Probation Revocation. (Exh. A, Doc. 7-1 at 3).
- October 28, 2014 – Petitioner filed Notice of Post-Conviction Relief. *Id.*
- December 28, 2016 – Petitioner filed PCR Petition. (Doc. 1 at 11).
- December 31, 2016 – Deadline for a timely PCR Petition, as extended by the state court. (Exh. A, Doc. 7-1 at 3).

Habeas Petition

- November 30, 2017 - Petitioner filed his § 2254 Petition. (Doc. 1).
- December 31, 2017 - The one year AEDPA deadline for Petitioner to file his § 2254 Petition.

For claims associated with the original sentence (Grounds 1-5) this is a gross miscalculation of the statutory limitations. When a defendant is sentenced pursuant to a plea agreement, a petition for post-conviction relief serves as "a form of direct review." *Summers v. Schriro*, 481 F.3d 710, 716 (9th Cir. 2007); *State v. Ward*, 118 P.3d 1122, 1125-26 (Ariz. 2005). To petition for post-conviction relief subsequent to a guilty plea, a notice must be filed "no later than 90 days after the entry of judgment and sentence." Ariz.R.Crim.P. 32.4(a). After pleading guilty, Petitioner was sentenced on April 19, 2012. Therefore, ninety days after that judgment, on July 19, 2012, Petitioner's judgment became final pursuant to Arizona criminal rules and the AEDPA. As a result, Petitioner had one year from that date to file his § 2254 Petition in the District Court, on or before

July 20, 2013. Therefore Petitioner's §2254 Petition, filed on December 28, 2017, was nearly four years overdue, and is untimely as it pertains to the claims having to do with his original conviction.

In addition, Petitioner's circumstances do not permit equitable tolling. Petitioner does not provide any reason that he was unable to raise his sentencing issues in a timely manner other than his suggested ignorance of the law. (Doc. 1 at 14-15). A *pro se* litigant's legal ignorance is not an extraordinary circumstance allowing for equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009). Petitioner did not appeal his sentence in the time for appeal, nor did he file a PCR Notice or Petition challenging his original sentence. In addition, the factual basis for his claims were available to Petitioner at the original sentencing. Therefore, he has shown neither that he diligently pursued his rights nor that an extraordinary circumstance prohibited him from filing on time.

Furthermore, Petitioner has raised no argument that demonstrates that failing to consider the claim would cause a fundamental miscarriage of justice. There is no evidence that Petitioner was actually innocent of the stalking and harassment charges and ample evidence existed supporting his conviction, including his own admissions.

Finally, the appellate court dismissed his claims challenging his original sentence because it found the claims procedurally barred. *State v. Gilardi*, 2018 WL 776018, at *2 (Ariz. App. Feb. 8, 2018). "[I]t is not the province of a federal habeas to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The dismissal of Petitioner's claims challenging his original sentence relied entirely on state law procedural grounds. The appellate court noted that Petitioner had procedurally waived the issue under Rule 32.1 because he did not file within the required time. *Gilardi*, 2018 WL 776018 *2 ¶6. Furthermore, insofar as Petitioner claimed he could not file in the time required, he did not raise this issue until his reply and so the court did not have to address that argument. *Id.* (citing *State v. Lopezi*, 221 P.3d 1052, ¶¶ 7-8 (Ariz. App. 2014)). These state procedural determinations were procedural, independent of federal law, and did not require constitutional inquiry. Therefore, the

preclusion was based on adequate and independent state grounds precluding review in habeas. *See Stewart*, 536 U.S. at 860.

The Court is precluded from evaluating Petitioner's untimely claims. If Petitioner desired federal habeas review of his original sentence, the AEDPA required that he submit his federal habeas petition by July 2013. Petitioner's PCR claims challenging his original sentence were procedurally defaulted in the state courts based on adequate and independent state grounds, and the instant habeas is untimely without excuse.

### b. Petitioner's Probation Revocation Claims are Separate from his Challenge to his Original Sentence

Petitioner's probation revocation on October 13, 2014 was a separate judgment than that of the original sentence. *See Landeros-Lopez v. Schriro*, 2008 WL 2705372, at *6 (D. Ariz. July 9, 2008) (determining that Petitioner had ninety days from his probation revocation to seek review and one-year from that ninety-day period to file his petition for writ of habeas corpus). Ordinarily, the probation revocation would be final after the ninety day period imposed by Arizona Rule of Criminal Procedure 32.4(a), but the state court granted Petitioner an extension to file his PCR Petition, until December 31, 2016. (Exh. A, Doc. 7-1 at 3).

Petitioner claims that he signed the PCR Petition and handed it to prison officials on December 28, 2016. (Exh. D, Doc. 7-1 at 28). However, the Clerk of Court timestamped the PCR Petition on January 9, 2017. (Exh. A, Doc. 7-1 at 3). The trial court denied Petitioner's PCR Petition, stating that because the timestamp date was the technical filing date it was filed it was untimely. (Exh. 2, Doc. 1-1 at 23).

Petitioner petitioned for review to the Arizona Court of Appeals, arguing that under state law, his PCR Petition should have been considered filed on the date he signed and turned it over to prison authorities. (Exh. D, Doc. 7-1 at 28) (*citing Anthony v. Cambra*, 236 F.3d 565 (9th Cir. 2000)). The appellate court conceded that state court should have calculated the filing date as the date Petitioner signed and submitted his PCR Petition to prison authorities for delivery. *Gilardi*, 2018 WL 776018 at *1, ¶ 5. Therefore, the appellate court did not deny Petitioner's probation revocation claims based on

untimeliness. Rather, it ignored the issue of timeliness and dismissed the PCR Petition on the merits.

This Court looks to the last-reasoned state court decision to determine whether habeas relief is warranted. *See Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). In this instance, the last-reasoned analysis is the Arizona Court of Appeals decision. Since the appellate court denied Petitioner's habeas petition challenging his probation revocation proceedings based on the merits and not the timeliness, Petitioner's § 2254 Petition may be timely as it pertains to the probation revocation because it was filed within one year from when Petitioner filed his state court PCR Petition. However, like the appellate court, this Court need not reach the timeliness issue because no matter the conclusion, Petitioner's claims have no merit.

### c. Petitioner's Claims Challenging Probation Revocation Proceedings do not Entitle him to Relief Because the Arizona Court of Appeals Decision was not Unreasonable and did not Violate Federal Law

Assuming but not deciding that Petitioner's probation revocation claims are timely, the Court need only address two claims: Grounds 6 and 7.

For Ground 6, Petitioner claimed that the trial court erred when it incorrectly aggravated his sentence during his revocation proceedings. (Doc. 1-1 at 18; Doc. 7-1 at 18). Evaluating the merits of this claim, the appellate court determined that the trial court committed no error when it used Petitioner's failure to correct his behavior during his probationary period to increase his probation violation sentence. *Gilardi*, 2018 WL 776018, at *2 ¶ 7. The appellate court stated that under state law, the trial court "is not precluded 'from treating probationary failure as an aggravating factor.'" *Id.* (quoting *State v. Baum*, 893 P.2d 1301 (Ariz. App. 1995)). Furthermore, the appellate court noted that it did not impose an aggravated sentence under A.R.S. § 13-702(D); it was the maximum sentence permitted under the statutory sentencing range. *Id.* at *2, ¶ 9.

Under A.R.S. § 13-702(D), a first-time stalking conviction is a class 3 felony, and ranges from 2.5 years' minimum to 7 years' maximum incarceration. An aggravated class 3 felony under the statute is 8.75 years. So despite using the term "aggravated," his

sentence was enhanced but not aggravated. When Petitioner's probation was revoked, the court correctly sentenced him to seven years, which was on the high end, but not the aggravated sentence of 8.75 years' incarceration.

The trial court increased Petitioner's sentence to the maximum because of Petitioner's repeated failure to follow the terms of probation. This was not unreasonable, nor can Petitioner show that it was in violation of state or federal law. Therefore, any claim that Petitioner's due process rights were violated because the aggravating factors were not proven beyond a reasonable doubt to a jury do not apply in this instance.

For Ground 7, Petitioner claimed his counsel was ineffective during his probation revocation proceedings because counsel failed to object when the state court did not provide notice of its intent to aggravate his sentence. (Doc. 1-1 at 19). Petitioner further urges that counsel was ineffective for not introducing mental health issues as mitigating factors. (Doc. 1 at 10).

The appellate court dismissed these claims, evaluating counsel's actions under the *Strickland* standard. This standard requires petitioner prove (1) that counsel's actions fell below objective standards of reasonableness, and (2) that claimant was prejudiced due to counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to meet either prong of this analysis "obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

As explained previously, Petitioner's sentence was not aggravated, and therefore no notice by the court was required. Failing to raise a meritless argument does not make counsel's actions ineffective. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law.").

Petitioner also claims that his counsel was ineffective because he did not raise his mental health issues as mitigating factors. The appellate court noted that Petitioner was unable to show he was prejudiced by counsel's failure to raise this issue because there was no indication that he had mental health issues either in the presentence report or his

psychological exam prior to the probation revocation proceedings. *Gilardi*, 2018 WL 776018, at *3 ¶ 10. In addition, Petitioner had made no connection between his mental health issues and the crimes he committed. *Id.* The Court agrees with the appellate court that Petitioner cannot demonstrate he was prejudiced because the mental health information was not available at the time of revocation and he did not show that there was a causal connection between his mental state and the offenses. Furthermore, it is not likely that the mental history would have changed the outcome of the probation revocation proceedings.

The state court used the proper standard to evaluate the ineffective assistance of counsel claim. Petitioner has not demonstrated counsel's actions were subpar, or that he was prejudiced. Therefore, Petitioner has not demonstrated that he is entitled to relief under 28 U.S.C. § 2254(d) for Grounds 6 or 7.

## V. RECOMMENDATION

The Magistrate Judge Recommends that the District Court enter an Order:

1. FINDING that Petitioner's § 2254 Petition is untimely as to the claims challenging his original sentence.
2. FINDING that Petitioner's § 2254 Petition challenging his probation revocation are non-meritorious.
3. DENYING Petitioner's Pro Se Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and the Federal Rules of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objection. Filed objections should use the following case number:

**No. CV-17-00609-RM.**

Failure to timely object to the factual and legal determinations of the Magistrate Jude may waive Petitioner's right to *de novo* review. The Clerk of Court shall send a copy of this Report and Recommendation to all parties.

Dated this 29th day of August, 2018.

Bernardo P. Velasco
United States Magistrate Judge